IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ERIC SEAN JORDAN,

       Plaintiff,

  vs.                                    Civil Action 2:06-CV-779
                                           Magistrate Judge King

SCOTT CHRISTIAN,

       Defendant.

## OPINION AND ORDER

       This is an action instituted under the provisions of 42 U.S.C. §1983 by plaintiff, a state prisoner. Plaintiff alleges that defendant, a bailiff for the Harrison County, Ohio, Municipal Court, applied excessive force when he handcuffed plaintiff after the court remanded plaintiff to the custody of the Harrison County Sheriff. *Complaint,* p.5, Doc. No. 4. As a result, plaintiff alleges, a pre-existing shoulder injury was aggravated. *Id.* With the consent of the parties, 28 U.S.C. §636(c), this matter is now before the Court on defendant's motion for summary judgment, Doc. No. 31. Although plaintiff sought and was granted multiple extensions of time to respond to the motion, *see Order,* Doc. No. 35, *Order,* Doc. No. 37, there has nevertheless been no response to the motion.

       Summary judgment is appropriate if the record establishes that there exists no genuine issue of material fact. Rule 56, F.R. Civ. Pro. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson*, 477 U.S. at 251. *See also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

       In an affidavit submitted in support of the motion for summary judgment, defendant states that, on the date referred to in the

complaint, he handcuffed the plaintiff behind his back, utilizing "the standard procedure to handcuff an individual. ..." *Affidavit of Scott Christian,* ¶6, attached to *Motion for Summary Judgment.* According to defendant Christian, he did not administer excessive force on plaintiff, nor did plaintiff complain of left shoulder pain or any other physical discomfort. *Id.*

The due process clause of the Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." *Graham v. Connor,* 490 U.S. 386, 395 n.10 (1989). *See also United States v. Budd,* 496 F.3d 517, 525 (6th Cir. 2007)("'the right to be free from excessive force amounting to punishment' is the standard applicable to a pretrial detainee. ...").

The uncontroverted evidence in this case is that defendant, in executing the directives of the Harrison County Municipal Court, handcuffed plaintiff behind his back. *Jordan Deposition*, at p.81, attached to Doc. No. 30. There is no evidence that, in doing so, defendant applied excessive force.

Defendant's motion for summary judgment is therefore **GRANTED.**

The Clerk shall enter **FINAL JUDGMENT** for defendant.


April 2, 2008                                     *s/Norah McCann King*
                                                  Norah M$^c$Cann King
                                                  United States Magistrate Judge

2